## JOHN R. HEARNE v. SOLOMON GILLETT.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

Appeal from Robertson county.

On motion for rehearing—Willie, C. J.

In overruling the motion for rehearing in this case, it is proper to state that the opinion of the commissioners' of appeals, in Smyth v. Veal (2 Texas Law Reporter 261), so much relied on to sustain the motion, was never adopted by this court.

The conclusions of the commissioners' in affirming the cause were adopted, but this does not make the case authority, at least so far as the grounds upon which the conclusion is reached are concerned. That part of the opinion relied upon by appellant does not seem to have received the sanction of the commissioners', and their decision is rested upon another point which is of no importance in the present case.

We do not wish to be understood as dissenting from that portion of the opinion in Smyth v. Veal, referred to in the motion, or as passing upon it in any way whatever. It will be time enough to do that when a case requiring our decision upon the very question discussed in the opinion is presented.

In the present case the contract recited in the opinion bound Mrs. Hearne to convey to the parties under whom Gillett claims, all the right, claim and title which she might have to the land upon which the Kennedy certificate was originally located. She accordingly did make such a deed to the parties holding her obligation in this respect. The decision in this case rests upon that agreement. It being held, that a conveyance of all her claim, right and title to the land included the claim which she set up to it under the Kennedy certificate and location. There was no such feature in the Smyth v. Veal case, and hence it differs entirely from the present, and is in no view of the matter authority for any change in the opinion heretofore rendered. [The opinion will be found in volume 3, number 2, Texas Law Reporter on page 73.—Ed]. The motion is overruled.